Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 W. Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>DANIEL TAN,<br><br>          Defendant. | NO. 3:06-CR-0029-JWS<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL DISCOVERY** |

The government has charged Daniel Tan with distribution of child pornography and travel with intent to engage in unlawful sex. Both charges stem from conversations between Mr. Tan and police in a YAHOO chat room. Detective Kevin Vandergriff of the Anchorage Police Department posed as a young mother – "Julie" or "momnfun" – who was interested in a sexual relationship for herself, and also for her two young daughters. In the first chronological chat which the government provided, "Julie" claimed that she enjoyed watching her daughters be sexually active with her old boyfriend. She stated, "I just want a man with experience for my girls..." The first chat also indicates

that "Julie" claimed her own father began oral sex with her when she was 3 or 4 and stated, "My dad taught me what real luv is...yes I soo miss him..."

The defense is entitled to investigate whether or not there is a defense of entrapment in this case. Entrapment is a recognized defense involving government inducement and lack of predisposition, independent of the government conduct. Jacobson v. United States, 503 U.S. 540, 549 (1992).

Courts have approved instructions for the entrapment defense where the defendant was primarily interested in sex with an adult woman and where the police officer, posing as the adult woman, encouraged the defendant's sexual interest in her young children. United States v. Poehlman, 217 F.3d 692 (9th Cir. 2000); United States v. Gamache, 156 F.3d 1 (9th Cir. 1998).

In this case, the defense needs to know the entire context of the relationship between "Julie" and the defendant. The first conversation received by the defense, dated December 23, 2005 at 8:40 PM, is a private chat. But how did the participants happen to go to a private chat room? Usually there is a preliminary decision to leave the main chat room, based on mutual interest. Had "Julie" indicated any special interests on her YAHOO "Profile"? Why did these people start talking? What were the first introductory remarks? Had "Julie" stated any of her interests in the chat room before, when the defendant was present? Without the context, including preliminaries, there is a danger that the government presents the conversation in a vacuum, absent preliminary statements or unspoken responses. At least one of the provided chats – 2.3.2006 at 8:57:11 PM – refers

to "Julie's" previous "gmail invite". The defense has no opportunity to ascertain this "invite".

The defense has received some transcripts of conversations which apparently come from a program copying material from a police computer. However, the transcripts do not include the initial chat in which the two participants decided to meet in a private chat room. The provided materials also do not include non-verbal responses, which in the YAHOO chat rooms can be extensive. For example, there is an "emotion" button which the participant can press, with many different clicks, such as "fear," blush," "laughter," etc. There are smiley faces and frowning faces to click. Furthermore, the transcripts do not show earlier chats where "Julie" and the defendant were in the same chat room. These conversations would be important to learn if "Julie" manifested interest in other chatters or topics which could contribute to government inducement.

The Constitution guarantees Mr. Tan the right to all exculpatory information in the government's possession. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giles v. Maryland</u>, 386 U.S. 66 (1967); <u>United States v. Hanna</u>, 55 F.3d 1456 (9th Cir. 1995). Due process also requires the complete context of the conversations, including non-verbal responses of the agents to statements of the defendant, and preliminary remarks before the private chat. The due process rights have particular force where the bulk of Mr. Tan's comments and interest appears to be directed towards a mature woman who repeatedly focuses his attention to her "girls".

Accordingly, the defense requests: (1) all the preliminary activity of "Julie" in any chat room in which Mr. Tan was also present; (2) all preliminary remarks between the two participants prior to the private chat room; (3) the entire interchange in each conversation, including preliminaries; (4) all non-verbal responses, such as clicking on the "emotion" button; and (5) the YAHOO chat "profile" of "Julie".

DATED this 11th day of April, 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West 5th Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:         907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on April 11, 2006,
a copy of this document was
served electronically on:

Audrey Renschen
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter