DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:06-cr-029-JWS |
| | ) |
| Plaintiff, | ) PLEA AGREEMENT |
| | ) |
| vs. | ) |
| | ) |
| DANIEL TAN, | ) |
| AKA "smart and funny131", | ) |
| "joe speraza", | ) |
| | ) |
| Defendant. | ) |
| | ) |

I.    **Introduction**

    A.    *Summary*

        This brief introduction sets forth a summary of the terms of the plea

agreement between the defendant and the United States. This summary is not intended to supercede the language that follows this subsection. It merely sets forth a summary for the benefit of the court.

The defendant agrees to plead guilty to Counts 1-3 of the Indictment filed in this case, which charge him with Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). In exchange for the defendant's plea, the United States agrees to move to dismiss count 4, which charges the Defendant with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2422(b).

B.   This document contains the complete plea agreement between the United States and the defendant, DANIEL TAN. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C.   The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). This means that the defendant  may only withdraw from this agreement if the court denies the government's post-imposition-of-sentence motion to dismiss the

remaining charges in the Indictment. The defendant **may not withdraw** from

this agreement if the Court deviates from the sentencing recommendations made

by the United States or by defense counsel. Neither the defendant nor the court is

bound by the government's sentencing estimates.

    D.     Because this case arises out of conduct occurring after November 1,

1987, the defendant's sentence will be determined by application of the United

States Sentencing Commission Guidelines (U.S.S.G.).

    E.     Because this is a negotiated resolution of the case, the parties waive

any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

    The defendant agrees the following obligations are material to this

agreement. The defendant agrees that any violation of or failure to fulfill these

obligations will be a material breach of this agreement. If the defendant breaches

this agreement, the defendant understands the United States, in its sole discretion,

may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges arising out of the investigation in this matter. Whether

the defendant has violated the terms of this agreement will be determined by the

court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A. *Charges*

The defendant is currently charged with the following in the Indictment filed in this case: three counts of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2422(b). Pursuant to this written agreement, the defendant agrees to plead guilty to Counts 1-3 of the Indictment, for Distribution of Child Pornography.

B. *Limits on Departures*

The defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit the defendant from arguing for the application of any downward guideline adjustments to the court's sentence calculation.

C. *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as

DANIEL TAN  Plea Agreement

3:06-cr-029-JWS

consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed-- including any forfeiture or conditions of supervised release. Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence --including forfeiture and conditions of supervised release. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

D.    *Consequences of the defendant's guilty plea*

The defendant agrees to pay the special assessments of $300 owed in this case, on the day the court imposes sentence.  The defendant understands that he will lose his right to own or possess any firearms, his right to vote, and his right to sit on a jury.

III.   **What the government agrees to do**

A.    In exchange for the defendant's plea of guilty to Counts 1-3 of the Indictment in this case, the United States agrees to dismiss Count 4 of the Indictment in this case, and to not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.    If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he

meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to move

for and recommend the defendant for a three-level downward adjustment for

acceptance of responsibility.  If, at any time prior to imposition of sentence, the

defendant fails to meet the criteria set out in  U.S.S.G. § 3E1.1, or acts in a

manner inconsistent with acceptance of responsibility, the United States will not

make or,  if already made, will withdraw this recommendation.

      C.      The United States agrees not to seek any upward sentencing

departures under the U.S.S.G. or any other authority.  This section does not

prohibit the United States from arguing for the application of any upward

guideline adjustments to the court's sentence calculation.

## IV.    Advisement of maximum penalties and conditions of sentence

      A.      The maximum statutory penalties for each of Counts 1-3, for

Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and

(b)(1), as charged in this case against this defendant, include the following:  (1)

20 years in prison, with a mandatory minimum term of imprisonment of 5 years;

(2)  a $250,000 fine; (3) a $100 mandatory special assessment; and (4) a

supervised release term of 3 years up to life.

      B.      Pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose

an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.      Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D.      Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.      There is no applicable restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F.      All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V.      **Guideline applications and sentencing issues (the following estimates bind neither party nor the court, and use the Sentencing Guidelines effective November 1, 2005)**

*SUMMARY: Counts 1-3*

**BASE OFFENSE LEVEL PER § 2G2.2(a)(2) . . . . . . . . . . . . . . . . . . . 22**

**MINOR UNDER THE AGE OF 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +2**

**DISTRIBUTION FOR THING OF VALUE** .................... +5

**USE OF A COMPUTER** ................................... +2

**AT LEAST 10, BUT <150  IMAGES** ......................... <u>+2</u>

**SUBTOTAL** ............................................. 33

**ACCEPTANCE OF RESPONSIBILITY** ...................... <u>-3</u>

**OFFENSE LEVEL** ...................................... 30

**ESTIMATED CRIMINAL HISTORY** ......................... I

**ESTIMATED SENTENCING RANGE** ............. **97-121  months**

*STATUTORY MINIMUM PENALTY* ................... *5 YEARS*

A.      The defendant understands the court may find that the base offense

level may be subject to an adjustment pursuant to Parts A, B, C, and D of Chapter

Three of the United States Sentencing Commission Guidelines.  These

adjustments may make the final offense level higher than or lower than the

offense level estimated by the United States.

The defendant understands the court may grant up to a three-level

downward adjustment for acceptance of responsibility if the defendant meets the

criteria set forth in U.S.S.G. § 3E1.1.  The applicability of all adjustments to the

base offense level will be set forth in the presentence report and the parties are free to argue the applicability of any and all adjustments. As stated in Part I. C. above, the defendant agrees that neither the defendant, the court, nor the government is bound by the government's estimates or conclusions of the defendant's guideline sentence range contained in this agreement.

B.    The parties have no agreement on the defendant's criminal history category. The government estimates that it will be Category I. The defendant understands that the court may find the defendant's criminal history to be higher than the United States has estimated. The defendant may argue about the appropriate criminal history calculation or classification. The United States is free to oppose any such argument or motion.

C.    The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures. This section does not place any limits upon any guideline adjustments. The defendant fully understands that the court has total discretion to determine the ultimate sentence, and that the defendant will not be permitted to withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

D.     The defendant understands that the United States Sentencing

Guidelines are not mandatory, but are advisory.

## VI.  **Elements of the offense**

In order to sustain a conviction for Distribution of Child Pornography, in

violation of 18 U.S.C. § 2252(a)(2), as charged in Counts 1-3 of the Indictment

this case, the United States would have to prove beyond a reasonable doubt the

following elements:

1.     the Defendant knowingly distributed visual depictions of minors engaged in sexually explicit conduct;

2.     the Defendant knew the visual depictions were of minors engaged in sexually explicit conduct;

3.     the Defendant knew that production of such visual depictions involved the use of minors in sexually explicit conduct; and

4.     the visual depictions had been mailed, shipped, or transported in interstate or foreign commerce.

## VII.  **Factual basis for the plea**

The parties stipulate the following fact statement is true and it supports the

defendant's guilty plea in this case.

Prior to his travel to Anchorage on March 16, 2006, the defendant

DANIEL TAN, was living and working in Calgary, Alberta. While there, on or about December 23, 2005, he entered an online chatroom for 'fetishes', which was devoted to interests in incest and sex with children. While in that chatroom, DANIEL TAN contacted Detective Kevin Vandegriff of the Anchorage Police Department, who was conducting an undercover online investigation as a proactive attempt to curb child exploitation. Detective Vandegriff was posing as the 29 year old mother of two girls, aged 6 and 8.

Within twenty minutes of beginning their online conversation, DANIEL TAN was sending child pornography pictures to Det. Vandegriff, and by the end of their first online conversation, DANIEL TAN said he wanted to come to Anchorage, he talked about having sex with children, he used his web camera to show his penis and his face, and he expressed love for the online mother with children that Detective Vandegriff was portraying.

In that first conversation, DANIEL TAN sent  pictures of adults sexually contacting or penetrating prepubescent children, and pictures of prepubescent children with their genitals lasciviously exhibited. The file names of those pictures included:

- mar34045.jpg
- 2d1f.jpg
- 3b25.jpg
- 3ab2.jpg

- 6b98.jpg
- 7935re2.jpg
- 2ed0.jpg

- 3dcb.jpg
- 2d0cre2.jpg
- 3ac5.jpg,

On January 3, 2006, DANIEL TAN again engaged in online conversation with the mother of two girls portrayed by Detective Vandegriff. DANIEL TAN again sent unsolicited pictures of children. Again, the pictures were of prepubescent girls whose genitals were lasciviously exhibited, and one picture was the same one he had sent during the first conversation, which depicted an adult male with an erect penis having a pre-pubescent girl lick his penis. The file names of those pictures included:

- 000-077.jpg
- Alina-016.jpg
- Alina-038.jpg

- 14darkcollection 085.jpg
- 14darkcollection 086.jpg,
- Alina-Serie01-PICT046.jpg

- 3dcb.jpg

On February 3, 2006, DANIEL TAN again engaged in online conversation with the mother of two girls portrayed by Detective Vandegriff. DANIEL TAN again sent unsolicited pictures of children. Again, the pictures were of prepubescent girls being penetrated by adult male penises and of prepubescent

girls whose genitals were lasciviously exhibited. The file names of those pictures included:

- casera02.jpg
- marion C 06.jpg
- rzl10012014.jpg,
- casera13-1.jpg
- marion C 07.jpg
- 100_0060.jpg
- casera14a.jpg

All of the pictures DANIEL TAN sent to Detective Vandegriff depicted real children, and all of the pictures traveled in interstate or foreign commerce.

## VIII.  **Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is appropriate in that the remaining charges adequately reflect the seriousness of the actual offense behavior, and the recommended sentence is within the applicable guideline range.  Acceptance of this plea agreement will not undermine the statutory purposes of sentencing, and will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.    **Defendant's agreement and understanding of the terms of this plea agreement**

I, DANIEL TAN, being of sound mind and under no compulsion or threats,

or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.    I wish to enter pleas of guilty to Counts 1-3 of the Indictment filed in this case, which charges me with Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

B.    My attorney has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C.    I am admitting that the allegations against me in Counts 1-3 of the Indictment and the factual bases for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

> --    The right to plead not guilty or to persist in that plea if it has already been made;
>
> --    The right to a speedy and public trial by a jury on the issues of my guilt;
>
> --    The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

E.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence.  Knowing this, I voluntarily waive my right to appeal my conviction.  Furthermore, I also knowingly and voluntarily agree to waive my

DANIEL TAN  Plea Agreement

3:06-cr-029-JWS

right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence -- which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with her to my satisfaction and she has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutory sentence applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in

this agreement and I understand they are not binding on any party.

  F.  I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

  G.  I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

  H.  I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between my attorney and me concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. I understand that if the court deviates from the sentencing recommendations made by either the United States or my attorney, I cannot withdraw my guilty plea from this

agreement, and that I am waiving my right to appeal the court's sentencing decision.

I.     I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

J.     This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.     I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that I will lose my right to own or possess any

firearms, my right to vote, and my right to sit on a jury as a result of being

convicted of the offense contained in the charging document. I enter into this

agreement knowingly and voluntarily. I therefore wish to enter pleas of guilty to

Counts 1-3 of the Indictment filed in this case, which charges me  with

Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and

(b)(1).

DATED:  _4/24/06_                          _____
                                           DANIEL TAN
                                           Defendant

        As counsel for the defendant, I have discussed with him the terms of this
plea agreement, have fully explained the charge(s) to which he is pleading guilty
and the necessary elements, all possible defenses, and the consequences of his
plea. Based on these discussions, I have no reason to doubt that the defendant is
knowingly and voluntarily entering into this agreement and entering a plea of
guilty. I know of no reason to question his competency to make these decisions.
If, prior to the imposition of sentence, I  become aware of any reason to question
the defendant's competency to enter into this plea agreement or to enter a plea of
guilty, I will immediately inform the court.

DATED:  _4/24/06_                          _____
                                           SUE ELLEN TATTER
                                           Attorney for DANIEL TAN

On behalf of the United States, the following accept DANIEL TAN'S offer to plead guilty under the terms of this plea agreement.

DATED: 4/25/06

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

DATED: 4/25/06

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov