DEBORAH SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-029-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| DANIEL TAN, | ) | |
| AKA "smart and funny131", | ) | |
| "joe speraza",, | ) | |
| | ) | |
| Defendant. | | |

The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Thursday, July 27, 2006, at 8:30 a.m.

**The Plea Agreement**

Pursuant to a plea agreement, the defendant agrees to plead guilty to Counts 1-3 of the Indictment filed in this case, which charges him with Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). In exchange for the defendant's plea, the United States agrees to dismiss count 4, which charges the Defendant with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2422(b).

The plea agreement restricted the parties from upward or downward departures, but allows the parties to freely argue for the application of any guideline adjustments, and to freely argue the factors under 18 U.S.C. 3533(a).

**The Presentence Report**

The United States agrees with the factual findings set forth in the Presentence Report. The Defendant merits an offense level of 34, a criminal history level I, and a sentencing range of 151-188 months. The offense level includes upward adjustments for (1) images of prepubescent children, (2) material that portrays sadistic or masochistic conduct or other depictions of violence, (3) distribution of child pornography for a "thing of value", (4) more than 10, but fewer than 150 images, and (5) use of a computer.

**The Recommendation**

The United States is recommending **a mid-range sentence of 160 months** imprisonment, **a supervised release period of ten years**, and the **special conditions of supervision** recommended by the Presentence Report writer, Timothy Astle.

As noted below, Mr. Tan's conduct was extremely serious.

**The Offense Level 34 Reflects the Serious Nature of Tan's Offenses**

All of the images depicted prepubescent children. Twelve of those images depicted the prepubescent children being sexually abused, three of the images showed the genitals of prepubescent children with semen apparent in, or on them. One image depicted a toddler being sexually abused while bound at the ankles. Presentence Report p. 11, ¶ 31.

Tan distributed these images unsolicited, on three separate occasions, September 23, 2005, January 3, 2006, and February 3, 2006. Presentence Report pp.2-9, ¶¶ 7-17. Each time, Tan was "chatting" online with a person he believed to be the 29 year old mother of 8 and 6 year old girls. Id. Tan was unhesitatingly interested in talking about the sex acts he had performed on children, and the sex acts he wanted to perform on the 8 and 6 year old girls. Id. Tan masturbated

during the conversations, and transmitted live video of his erect penis, while simultaneously distributing images of the children being sexually abused. Presentence Report pp. 7-8, ¶ 12.  On March 16, 2006, Tan traveled to Anchorage from his Calgary home to meet up with the Mother and her two prepubescent daughters, bringing condoms and KY lubricant with him.  Presentence Report pp. 9-10, ¶22.

**Tan's Conduct Warrants a Steep Enhancement for Trading Pictures of Sexually Abused Children for an Opportunity to Further Sexually Abuse Other Children**

Tan's interpretation of the Sentencing Guidelines Application Notes ignores the plain meaning of the term "thing of value", and ignores case law that recognizes its broader scope.  Although the 9th Circuit has not yet ruled on such a case, other Circuits have recognized that there can be other valuable consideration for distributing child pornography.

A defendant's distribution of materials involving sexual exploitation of minors with the purpose of enticing another person to have sex with him has been recognized as sufficient to trigger the five-level enhancement. United States v. Canada, 110 F.3d 260 (5th Cir. 1997), See also, United States v. Fowler, 216 F.3d 459 (5th Cir. 2000).  The Eleventh Circuit has followed Canada, and found that a

defendant who distributed child pornography for the purpose of enticing a minor to engage in sexual acts with him was found to be a "valuable gain". <u>United States v. Garrett</u>, 190 F.3d 1220(11th Cir. 1999).

Here, a review of the initial conversation when Tan began distributing the child pornography, makes clear that he had a purpose in sharing: he was looking to hook up with the 29 year old mother of two prepubescent daughters. There was never any conversation between Tan and the undercover officer when he began sending pictures. Tan was clearly fishing, hoping to hook up with someone who shared his interests so that he could act further on his sexual interest in children.

**Tan's Lack of Prior Convictions Is Not a Valid Basis to Reduce His Sentence**

The lack of criminal history has been rejected as a basis for downward departures. <u>United States v. Thompson</u>, 315 F.3d 1071, 1073 (9th Cir. 2002) (holding downward departure based on defendant's background, education, family history, need for rehabilitation, low risk of engaging in sexual offenses was inappropriate, as those factors did not take the case out of the heartland of distribution/possession of child pornography) and <u>United States v. McCart</u>, 377 F.3d 874 (8th Cir. 2004)(holding that Guidelines have already set Criminal History Category I to accommodate a first-time offender, so Defendant's lack of prior

criminal history could not furnish the basis for a downward departure when sentencing defendant convicted of interstate travel with the intent to engage in a sexual act with a minor).

Although not mandatory, the Sentencing Guidelines and cases interpreting them provide the court with a systematic method of considering the defendant's background in the context of other similarly situated defendants, a priority of 18 U.S.C. 3553(a)(6). Disregarding the fact that the absence of a criminal record is already accounted for in the advisory Guidelines, will lead the court to "unwarranted disparities among defendants with similar records who have been found guilty of similar conduct." Id.

Here, there is no evidence that his lack of criminal history makes him extraordinary, no evidence that Tan has any extraordinary rehabilitative potential, nor any evidence that he has unique vulnerabilities.  There is only the speculation and argument of his attorney.  Such unsupported speculation, if relied upon, tends to destroy any kind of equal treatment, and leads to disparate sentences, again resulting in the undermining of an important sentencing goal. 18 U.S.C. 3553(a)(6).

**Tan's Dangerousness Cannot Be Denied: Child Pornography Harms Children Indirectly and Often, Directly**

Congressional findings supporting the *Child Pornography Prevention Act of 1996* (CPPA) included the link between pedophilic behavior and child pornography, stating: (1) "child pornography is often used as part of a method of seducing other children into sexual activity;" (2) "child pornography is often used by pedophiles and child sexual abusers to stimulate and whet their own sexual appetites, and as a model for sexual acting out with children;" and (3) the existence and traffic of child pornography "inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children." *See* Child Pornography Prevention Act, Pub. L. No. 104-208, div. A, tit. I, § 121(1)(3), (4) and (10)(B) 110 Stat. 3009-26 (1996).

Here we do not have a person who is simply a "collector" of child pornography. By his own admissions Tan reported sexually abusing children. He specifically said it was not a fantasy for him, as he had experience. Presentence Report p. 7, ¶ 11. He described unhesitatingly what he wanted to do to Julie's

girls, how he wanted them to dress, and asked if Julie would allow him to have sex with her girls when they turned 10 years old. Id.

For Tan to say at sentencing that the language and the descriptions he used were simply chat, and that he has never done such a thing, would require that the plain meaning of his explicit statements be ignored. Such statements cannot be ignored. Common sense dictates that a person willing to describe such things is a step closer to acting on the impulses than a person who is repelled by such conversation.

To fairly sentence Tan, the court cannot simply ignore his earlier statements and believe his current ones.

**Conclusion**

Tan sought out the mother of real, prepubescent girls. Tan explicitly described his sexual interest in children, and distributed pictures of children being sexually abused. That conduct cannot be ignored or minimized.

The Sentencing Guidelines offense level of 34 accurately reports the seriousness of the crime, and considers the fact that Tan has no prior convictions. Tan has offered no psychological evidence that he is not dangerous, or that he is

unlikely to reoffend.  He has offered no evidence to support a minimum sentence, or a reason to go below the advisory guidelines.

The government believes a sentence of 160 months, and supervised release term of 10 years is an appropriate punishment, and an appropriate safeguard for the public.  The sentence recognizes the children who were sexually abused for his viewing pleasure, and who are repeatedly victimized as he trades each image.  The sentence takes into account the dangerousness of his conduct and his willingness to abuse children if Julie had been a real person with children, instead of an undercover police detective.

The recommended sentence will appropriately punish and deter Tan.

RESPECTFULLY SUBMITTED THIS <u>20th</u> day of July, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

<u>s/ Audrey J. Renschen</u>
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006
a copy of the foregoing was served
electronically on Sue Ellen Tatter

s/ Audrey Renschen